IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>Baltimore Division</u>

| | | |
|---|---|---|
| In re: | ( | |
| | ( | |
| Mark W. Richards | ( | Case No.  09-33267-JS |
| | ( | |
| Debtor(s) | ( | (Chapter 7) |
| | ( | |

(      (      (      (      (      (      (      (

| | | |
|---|---|---|
| Zvi Guttman, Trustee | ( | |
| P.O. Box 32308 | | |
| Baltimore, Maryland 21282 | ( | |
| | | Adversary Proc. No.10 -_____-jfs |
| Plaintiff | ( | |
| v. | | |
| | ( | |
| Amy D. Richards | | |
| 5710 Emory Road | ( | |
| Upperco, Maryland 21155 | | |
| | ( | |
| Mark W. Richards | | |
| 5710 Emory Road | ( | |
| Upperco, Maryland 21155 | | |
| | | |
| Defendant | | |

(      (      (      (      (      (      (      (      (      (      (      (      (      (

**COMPLAINT RE:**
**(A) AVOIDANCE OF TRANSFER, (B) DENIAL OF DISCHARGE,**
**(C) TURNOVER, (D) SALE OF ESTATE'S  INTEREST AND INTEREST OF NON-**
<u>**DEBTOR SPOUSE IN PROPERTY AND OBJECTION TO EXEMPTIONS**</u>

Zvi Guttman, Trustee by his undersigned attorneys files this Complaint and states:

<u>**PARTIES**</u>

1.      Mark W. Richards (the "Debtor"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code with this Court on November 30, 2009.

2.       Zvi Guttman, the plaintiff herein, has been appointed as the trustee in this case and is duly qualified and serving in that capacity (the "Trustee").

3.      Amy D. Richards ("Amy"), an individual, is a resident of the State of Maryland and is the spouse of the Debtor.

## JURISDICTION and VENUE

4.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334.

5.      This is a proceeding (a) to avoid and recover an avoidable transfer pursuant to 11 U.S.C. §§ 544 and 548, MD Comm. Law §15-201, et. seq., and Family Law §4-301, (b) to deny a discharge pursuant to U.S.C. § 727, (c) for turnover pursuant to U.S.C. § 542, (d) to sell property free and clear of liens, claims and interests including the interest of Amy pursuant to U.S.C. §363 and (e) to deny a claimed exemption.

6.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (H), (J) and (O).

7.      Venue is proper pursuant to 28 U.S.C. §1409.

## FACTS

8.      By Deed dated October 14, 1993, Mary Ellen Sturgen conveyed the improved residential real property commonly known as **5710 Emory Road, Upperco, Maryland 21155** (the "Property") to the Debtor.

9.      From and after October 14, 1993, through the date of the Transfer (as hereinafter defined) the Property was owned in fee simple solely by the Debtor.

10.     By Deed (the "Deed") dated November 4, 2008, and recorded in the Land Records of Carroll County, Maryland, on December 3, 2008 (the "Transfer Date"), the Debtor conveyed the solely owned Property to himself and Amy as tenants by the entireties (the "Transfer").

11.     On and after the Transfer Date a bona fide purchaser from the Debtor against whom applicable law permits such transfer to be perfected could no longer acquire an interest in the Property superior to the interest of the Debtor and Amy.

12.     The Deed states that it is "in consideration of the sum of No Dollars 00/100 ($.00)" and that it is a "($.00) Zero consideration transfer between husband and wife."

13.     At the time of (a) the Transfer, (b) the Petition Date and (c) the filing of this

Complaint, the Property had significant value above and beyond the debts secured by liens against the Property.

14. At the time of the Transfer, the Debtor's business was failing.

15. At the time of the Transfer the Debtor was heavily in debt including, without limitation, a debt in favor of Jacob H. France in the principal amount of $270,000 and accrued interest of over $59,000. See Proof of Claim 1.

16. At the time of the Transfer the Debtor was a named defendant in at least one civil suit including, without limitation:

| Caption | Case Number | Court |
|---|---|---|
| *Robert R Supler Jr vs Variety Auto Brokers, Inc., et al* | 24C08004873 | Circuit Court for Baltimore City |

17. The Debtor received minimal, if any, value or consideration in exchange for conveying his interest in the Property.

18. The Debtor knew that he would incur additional debt after the date of the Transfer.

19. The Debtor was insolvent on the Transfer Date.

20. The Debtor was or was rendered insolvent by the Transfer.

21. The Transfer was made with actual intent to hinder, delay or defraud creditors including, without limitation, Messrs. Supler and France.

22. Amy and the Debtor took joint title to the Property knowing of the Debtor's creditors and financial situation.

## COUNT I – 11 U.S.C. §544 - FRAUDULENT CONVEYANCE

23. The preceding paragraphs of this Complaint are incorporated herein as if fully set forth in this Count.

24. The consideration, if any, provided in exchange for the Transfer was *de minimis*.

25. By the Transfer, the Debtor placed valuable property beyond the reach of his creditors.

26. At the time of the Transfer and through the filing of this case, the Debtor

-3-

was insolvent.

27. The Debtor was rendered insolvent as a result of the Transfer.

28. The Debtor received less than fair consideration in exchange for the Transfer.

WHEREFORE, Zvi Guttman, Trustee prays that the Court enter such Orders and make such findings, alternatively or cumulatively, including but not limited to:

A. An Order avoiding the Transfer;

B. An Order of Judgment in favor of the Trustee and against Amy and/or the Debtor in the amount of the value of the Property transferred, plus interest thereon, from the date of the filing of this Complaint and the cost of this action; and/or

C. Such other and further relief as justice and the nature of this case may require.

### COUNT II — 11 U.S.C. §548(a)(1)(B) — FRAUDULENT TRANSFER

29. The preceding paragraphs of this Complaint are incorporated herein as if fully set forth in this Count.

30. The Debtor received less than reasonably equivalent value in exchange for his interest in the Property.

31. The property remaining in the Debtor's hands after the Transfer was an unreasonably small amount of capital for the Debtor to carry on his business.

32. The Debtor was insolvent on the Transfer Date.

33. The Debtor became insolvent as a result of the Transfer.

34. As of the Transfer Date ,the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

35. As of the Transfer Date, the Debtor intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

WHEREFORE, Zvi Guttman, Trustee prays that the Court enter such Orders and make such findings, alternatively or cumulatively, including but not limited to:

A. An Order avoiding the Transfer;

-4-

    B.    An Order of Judgment in favor of the Trustee and against Amy and/or the Debtor in the amount of the value of the Property transferred, plus interest thereon, from the date of the filing of this Complaint and the cost of this action; and/or

    C.    Such other and further relief as justice and the nature of this case may require.

### COUNT III — 11 U.S.C. §548(a)(1)(A) — FRAUDULENT TRANSFER

36.    The preceding paragraphs of this Complaint are incorporated herein as if fully set forth in this Count.

37.    At the time of the Transfer the Debtor knew he was involved in ongoing litigation.

38.    At the time of the Transfer, the Debtor knew that additional collection activities against him were likely.

39.    At the time of the Transfer, financial difficulties or legal problems were readily or easily foreseeable by the Debtor.

40.    On and after the Transfer Date, the Debtor maintained a legal and possessory interest in the Property.

41.    The Debtor lacked adequate financial means to meet his debts after the Transfer.

42.    The Transfer caused or deepened the Debtor's insolvency.

43.    The Transfer was to the Debtor's wife.

44.    The Transfer was a transfer of the Debtor's most significant asset.

45.    On and after the date of the Transfer the Debtor incurred additional debts without any apparent ability to repay such debts.

46.    The Transfer was made with actual intent to hinder, delay or defraud creditors including, without limitation, Messrs. Supler and France.

WHEREFORE, Zvi Guttman, Trustee prays that the Court enter such Orders and make such findings, alternatively or cumulatively, including but not limited to:

    A.    An Order avoiding the Transfer;

    B.    An Order of Judgment in favor of the Trustee and against Amy

and/or the Debtor in the amount of the value of the Property transferred, plus interest thereon, from the date of the filing of this Complaint and the cost of this action; and/or

C.   Such other and further relief as justice and the nature of this case may require.

## COUNT IV — PREJUDICIAL TRANSFER BETWEEN SPOUSES

47.   The preceding paragraphs of this Complaint are incorporated herein as if fully set forth in this Count.

48.   The Transfer was among spouses.

49.   The Transfer, if unavoided, will prevent the Debtor's creditors or the Trustee from realizing upon the value of the Property.

50.   The Transfer was prejudicial to the rights of creditors of the Debtor.

WHEREFORE, Zvi Guttman, Trustee prays that the Court enter such Orders and make such findings, alternatively or cumulatively, including but not limited to:

A.   An Order avoiding the Transfer;

B.   An Order of Judgment in favor of the Trustee and against Amy and/or the Debtor in the amount of the value of the Property transferred, plus interest thereon, from the date of the filing of this Complaint and the cost of this action; and/or

C.   Such other and further relief as justice and the nature of this case may require.

## COUNT V - 11 U.S.C. § 522 – OBJECTION TO EXEMPTION

51.   The preceding paragraphs of this Complaint are incorporated herein as if fully set forth in this Count.

52.   The Debtor has claimed the equity in the property as exempt.

53.   The Transfer was a voluntary act by the Debtor.

54.   The Transfer constitutes an avoidable transfer as herein set forth.

55.   The Transfer was a fraudulent act that had the intent and/or effect of removing property of the Debtor from the reach of his creditors.

56.   The Property is not exempt.

WHEREFORE, Zvi Guttman, Trustee prays that the Court enter such Orders and make such findings, alternatively or cumulatively, including but not limited to:

      A.      Finding that despite the manner in which the Property has been titled as a result of the Transfer, the Debtor and Amy do not hold the Property jointly and that the Property is owned solely by the Debtor;

      B.      Finding and declaring that the Property is not exempt; and/or

      C.      Such other and further relief as justice and the nature of this case may require.

## COUNT VI – 11 U.S.C. § 727(a)(2)(A) – DENIAL OF DISCHARGE

57.    The preceding paragraphs of this Complaint are incorporated herein as if fully set forth in this Count.

58.    The Debtor, with intent to hinder, delay, or defraud a creditor has transferred, removed, or concealed, or has permitted to be transferred, removed or concealed property of the Debtor, within one year before the date of the filing of the petition.

59.    The Debtor, with intent to hinder, delay, or defraud an officer of the estate charged with custody of property under this title, has transferred, removed, or concealed, or has permitted to be transferred, removed or concealed property of the Debtor, within one year before the date of the filing of the petition.

WHEREFORE, the Trustee moves that the Court not grant the Debtor a discharge and grant the Trustee such other and further relief as is just and proper.

## COUNT VI – 11 U.S.C. § 727(a)(4)(A) – DENIAL OF DISCHARGE

60.    The preceding paragraphs of this Complaint are incorporated herein as if fully set forth in this Count.

61.    The Debtor signed his Bankruptcy Schedules and Statement of Financial Affairs under penalties of perjury.

62.    Schedule B sets forth 35 categories of personal property to be addressed by a debtor. In response to category 13, relating to stock and interests in incorporated and unincorporated businesses the Debtor stated "None."

63.     Statement of Financial Affairs Question 10.a. requires that the Debtor:

List all other property, other than property transferred in the
ordinary course of the business or financial affairs of the
debtor, transferred either absolutely or as security within two
years immediately preceding the commencement of this
case. …

64.     The Debtor did not list the Transfer.

65.     Statement of Financial Affairs Question 18 requires that the Debtor:

list the names, addresses, taxpayer identification numbers,
nature of the businesses, and beginning and ending dates of
all businesses in which the debtor was an officer, director,
partner, or managing executive of a corporation, partner in a
partnership, sole proprietor, or was self-employed in a trade,
profession, or other activity either full- or part-time within six
years immediately preceding the commencement of this
case, or in which the debtor owned 5 percent or more of the
voting or equity securities within six years immediately
preceding the commencement of this case.

66.     The Debtor had an interest in at least two entities – Variety Auto Brokers
and Atlantic Financial LLC.  Yet, the Debtor listed only the former.

67.     The Debtor, knowingly and fraudulently, in or in connection with this case
made a false oath or account.

WHEREFORE, the Trustee moves that the Court not grant the Debtor a
discharge and grant the Trustee such other and further relief as is just and proper.

## COUNT VII - 11 U.S.C. § 542 – TURNOVER

68.     The preceding paragraphs of this Complaint are incorporated herein as if
fully set forth in this Count.

69.     11 U.S.C. § 542(a) provides:

... an entity ... in possession, custody, or control, during the
case, of property that the trustee may use, sell, or lease
under section 363 of this title, ... shall deliver to the trustee,
and account for, such property or the value of such property,
unless such property is of inconsequential value or benefit to
the estate.

70.     The Debtor and Amy are in control or possession of the Property.

71.     The Trustee is entitled to sell the Property.

72.     The Property is of consequential value and benefit to the estate.

WHEREFORE, Zvi Guttman, Trustee prays that the Court enter such Orders and make such findings, alternatively or cumulatively, including but not limited to:

    A.     Finding that the Property is property the Trustee may use under §363 and is of consequential value and benefit to the estate;

    B.     Ordering the Debtor and Amy to turn over to the Trustee the Property; and/or

    C.     Such other and further relief as justice and the nature of this case may require..

## COUNT VIII - SALE FREE AND CLEAR

73.      The preceding paragraphs of this Complaint are incorporated herein as if fully set forth in this Count.

74.     The Trustee may sell both the estate's interest and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety.

75.     Because the transfer of the Property is avoidable or invalid, the Trustee, may sell the Property.

76.     The Trustee avers and alleges that partition in kind of the Property between the estate and Amy is impracticable; that sale of the estate's undivided interest in the Property would realize significantly less for the estate than sale of the Property free of the interest of the alleged co-owner; that the benefit to the estate of a sale of the Property free of the interest of the co-owner outweighs the detriment, if any, to such co-owner and, the Property is not used in the production, transmission or distribution for sale of electrical energy or natural or synthetic gas for heat, light or power.

77.     The Trustee can sell the Property for sale free and clear of all claims, liens and interest at a price sufficient to pay all unavoidable liens and provide a surplus for the Estate.

WHEREFORE, Zvi Guttman, Trustee prays that the Court enter such Orders and make such findings, alternatively or cumulatively, including but not limited to:

A.    An Order authorizing the Trustee to sell the Property in accordance with the Bankruptcy Code11 U.S.C. §363 free and clear of liens, claims, and interests, including the tenants by the entireties interest of the Debtor and Amy with said liens, claims and interests to attach to the proceeds of sale;

B.    An Order authorizing the Trustee to distribute the proceeds of sale in accordance with the Bankruptcy Code; and

C.    Such other and further relief as justice and the nature of this case may require.

/s/ Zvi Guttman
Zvi Guttman (06902)
The Law Offices of Zvi Guttman, P.A.
Post Office Box 32308
Baltimore, Maryland 21282
(410) 580-0500 Phone
(410) 580-0700 Fax
Zvi@Zviguttman.com

**Counsel to the Trustee**